

IN THE
TENTH COURT OF APPEALS

No. 10-09-00239-CV

TONY RANDLE AND JACQUELINE
RANDLE-SANDERS,

                                                                    Appellants

 v.

SADIE JEFFERSON, JULIA A. DURHAM,
AND DAVID L. RANDLE,

                                                                    Appellees

From the 414th District Court
McLennan County, Texas
Trial Court No. 2006-4473-5

MEMORANDUM  OPINION

Tony Randle and Jacqueline Randle Sanders each filed a notice of appeal from a default judgment rendered against them.  Tony filed an affidavit of indigence. Jacqueline did not.  Tony filed a docketing statement.  Jacqueline did not.  Neither has filed briefs in this appeal.

By letter dated September 24, 2009, the Clerk of this Court notified Tony and Jacqueline that if they did not have a joint interest in the appeal, the filing fee owed by

Jacqueline was past due and a docketing statement by Jacqueline was due in 14 days. If Jacqueline did not pay the filing fee or submit an affidavit of indigence or file a docketing statement within the time frame given, the Clerk warned that Jacqueline's appeal would be dismissed. In the same letter, the Clerk further notified Tony and Jacqueline that if they had a joint interest in the appeal, they would need to notify the Court in writing and present a completed joint docketing statement or a statement by Jacqueline that she adopted Tony's docketing statement. They were further warned that unless we received this notice or statement within 14 days, the appeal would be dismissed. Neither Tony nor Jacqueline responded to the Clerk's letter.

During this time, the parties' briefs became past due. Again, the Clerk of this Court notified Tony and Jacqueline by letter dated October 13, 2009 that their briefs were past due. They were warned that the appeal would be dismissed for want of prosecution unless, within 21 days from the date of the letter, Tony and Jacqueline filed a joint brief signed by both Tony and Jacqueline or a joint motion for extension of time signed by both, or separate briefs or separate motions for extensions of time. Jacqueline did not respond. Tony responded with a document that was neither a brief nor a motion for extension of time to file a brief. *See* TEX. R. APP. P. 38.1, 38.6(d). It was also not served as required. TEX. R. APP. P. 9.5.

Accordingly, this appeal as to both Tony Randle and Jacqueline Randle Sanders is dismissed. TEX. R. APP. P. 42.3(b), (c).

Further, absent a specific exemption, the Clerk of this Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to

TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2008). Under the circumstances of this proceeding, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by Jacqueline Randle Sanders.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Appeal dismissed
Opinion delivered and filed November 18, 2009
[CV06]